1  ROBERT N. H. CHRISTMAS (pro hac vice admission pending)
   rchristmas@nixonpeabody.com
2  KATE HARDY (pro hac vice admission pending)
   khardy@nixonpeabody.com
3  CHRISTOPHER M. DESIDERIO (pro hac vice admission pending)
   cdesiderio@nixonpeabody.com
4  NIXON PEABODY LLP
   437 Madison Avenue, 18th Floor
5  New York, New York 10022
   Telephone: (212) 940-3000
6  Facsimile:  (212) 940-3111

7  LOUIS J. CISZ, III (State Bar No. 142060)
   lcisz@nixonpeabody.com
8  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
9  San Francisco, California 94111-3600
   Telephone: (415) 984-8200
10 Facsimile:  (415) 984-8300

11 Attorneys for JOHN SHEAHAN AND IAN RUSSELL LOCK,
   as Joint and Several Liquidators of
12 CEDENCO JV AUSTRALIA PTY LTD (A.C.N. 075 836 010) (In Liquidation)
   SK FOODS AUSTRALIA PTY LTD (A.C.N. 099 245 735) (In Liquidation), and
13 SS FARMS AUSTRALIA PTY LTD (A.C.N. 107 746 716) (In Liquidation)

14

UNITED STATES BANKRUPTCY COURT

15

FOR THE NORTHERN DISTRICT OF CALIFORNIA

16

17

| | |
|---|---|
| 18  In re: | Case No. 10-35002 |
| 19  CEDENCO JV AUSTRALIA PTY LTD (A.C.N. 075 836 010) (In Liquidation), | Chapter 15 |
| 20  Debtor in a Foreign Proceeding. | **MEMORANDUM OF LAW IN SUPPORT OF VERIFIED PETITION FOR RECOGNITION OF FOREIGN PROCEEDING UNDER CHAPTER 15** |
| 21 | |
| 22 | Date:  January 21, 2011 |
| 23 | Time:  10:00 a.m. |
| 24 | Location:    235 Pine Street, 23rd Floor San Francisco, CA 94104 |
| 25 | Judge:   Dennis Montali |

26

27

28

13275585.4

John Sheahan and Ian Russell Lock, in their capacity as joint and several liquidators ("Liquidators" or "Petitioners") and as duly authorized foreign representatives[1] of Cedenco JV Australia Proprietary Ltd (in liquidation) (the "Debtor"), the above-captioned debtor in a foreign proceeding, by their United States counsel, hereby file this memorandum in support of their petition for recognition of the Debtor's Australian liquidation proceeding (the "Australian Proceeding") under Chapter 15 of the Bankruptcy Code (the "Verified Petition"), and represent as follows:

## I. PRELIMINARY STATEMENT

Chapter 15 of title 11 of the United States Code (11 U.S.C. §§ 101 *et seq.*) (the "Bankruptcy Code") authorizes this Court to recognize a "foreign main proceeding" or a "foreign nonmain proceeding"[2] upon the proper commencement of a Chapter 15 case under Bankruptcy Code sections 1504, 1515, and 1517 by a foreign representative. For the reasons set forth herein, the Liquidators have satisfied all the statutory requirements of section 1517. Accordingly, the Liquidators request that this Court enter an order recognizing the Australian Proceeding as a foreign main proceeding under Chapter 15.

## II. BACKGROUND

The Liquidators respectfully refer the Court to the Verified Petition (including the exhibits thereto), and the Declarations of Liquidator John Sheahan ("Sheahan Declaration") and Kate Hardy, Esq. ("Hardy Declaration") filed contemporaneously with this Memorandum of Law, which set forth the relevant facts and are fully incorporated herein by reference.[3]

---

[1] As that term is defined in 11 U.S.C. § 101(24).

[2] The Verified Petition addresses the "foreign nonmain proceeding" question as an alternative only in the event that this Court declines to find that the Australian Proceeding is a foreign main proceeding. It cannot reasonably be disputed that there is an Australian "establishment" where the Liquidators are serving, as illustrated by the existence of the Debtor's creditors there (*see* Verified Petition, Exhibit C, *passim*), among numerous other factors. *See* 11 U.S.C. § 1516. Because an "establishment" thus exists in Australia, this memorandum focuses on the foreign main proceeding question.

[3] Capitalized terms not otherwise defined herein, shall have the meaning ascribed to them in the Sheahan and Hardy Declarations.

13275585.4

Case: 10-35002    Doc# 5    Filed: 12/23/10    Entered: 12/23/10 14:21:49    Page 2 of 8

# III.   JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is properly located in this District pursuant to 28 U.S.C. § 1410(3).

# IV.   ARGUMENT

The Liquidators have met all of the requirements of section 1517 of the Bankruptcy Code. Accordingly, consistent with the mandatory language of section 1517(a), an order recognizing such proceeding "shall be entered." Specifically, (1) the Australian Proceeding constitutes a "foreign proceeding" as defined in section 101(23); (2) the Australian Proceeding is pending in Australia, the center of the Debtor's main interests; (3) the Liquidators are persons who are foreign representatives applying for recognition; and (4) the Liquidators have satisfied the procedural requirements of section 1515. In addition, the recognition of the Australian Proceeding will achieve the stated purpose and intent of Chapter 15, by facilitating the cooperation between this Court and the Australian Proceeding.

## 1.   The Liquidators Have Met the Requirements of Section 1517

### A.   The Case Concerns a "Foreign Proceeding"

Section 101(23) defines a "foreign proceeding" as:

> a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation.

11 U.S.C. § 101(23).

The Debtor's pending Australian Proceeding qualifies as foreign proceeding under section 101(23). The Australian Proceeding is a collective proceeding as it is for the benefit of the creditor body as a whole, rather then for the benefit of a particular creditor.[4] Second, the Australian

---

[4] A "collective" proceeding as used in § 101(23) is one that considers the rights and obligations of all creditors and not one merely for the benefit of a single creditor. *See In re Betcorp*, 400 B.R. 266, 281 (Bankr. D. Nev. 2009). A liquidation is "a procedure of an inherently collective nature" because, once initiated, "[t]he procedure is compulsory, in order to ensure that there is an orderly, cooperative system. The result is that any

MEMORANDUM OF LAW IN SUPPORT
OF CHAPTER 15 PETITION

-3-

Case: 10-35002   Doc# 5   Filed: 12/23/10   Entered: 12/23/10 14:21:49   Page 3 of 8

Proceeding has an administrative character because the proceeding and conduct of the Liquidators are governed by the Corporations Act. *See* Corporations Act, 2001 (Austrl.) (the "Corporations Act"), c.5, § 439C(c) ("the creditors may resolve . . . that the company be wound up").[5] Third, the Australian Proceeding is currently pending in Australia. Fourth, the Australian Proceeding is being conducted under laws relating to the insolvency of the Debtor. *See* Corporations Reins, 2001, c. 5, §§ 410-600G. Finally, the Debtor's affairs are subject to supervision by a foreign court for the purpose of the reorganization or liquidation.

Courts in this Circuit, and others, have recognized that similar types of Australian proceedings qualify as "foreign proceedings." *See, e.g. In re GMC Worldwide Pty Ltd.*, Case No.: 09-04679, Dkt. No. 29 (Bankr. S.D. Cal. May 12, 2009); *In re ABC Learning Centres Ltd.,* 2010 Bankr. LEXIS 4091 (Bankr. D. Del. Nov. 16, 2010); *In re Betcorp Ltd.,* 400 B.R. 266 (Bankr. D. Nev. 2009).[6] Accordingly, the Australian Proceeding satisfies all the requirements of section 101(23).

---

attempt by a creditor to undermine the collective nature of liquidation is outlawed." *Id.* (quoting Australian treatise M. Gronow, McPHERSON'S LAW OF COMPANY LIQUIDATION ¶1.20, at 1-51 (5th ed. 2006)).

[5] See Fed. R. Bankr. P. 9017; Fed. R. Civ. P. 44.1 ("In determining foreign law, the Court may consider any relevant material or source."); Corporations Act, 2001, c. 5, §§ 410-600G (Austrl.), *available at* http://www.comlaw.gov.au/ (click "Compilations – Current" under "Acts"; click "Co" under "Browse Act Compilations"; click "Corporations Act (2001)").

[6] In addition, prior to the enactment of Chapter 15, Australian insolvency proceedings were found by the Second Circuit to be entitled to comity. *See Vesta Fire Ins. Corp. v. New Cap Reins. Corp., Ltd.*, 244 B.R. 209, 215 (S.D.N.Y. Feb 7, 2000) (citing *Allstate Life Ins. v. Linter Group, Ltd.*, 994 F.2d 996, 999-1000 (2d Cir. 1993) (holding that the Australian insolvency proceedings warranted comity because they generally comport with fundamental standards of procedural fairness)). Courts also repeatedly have found the bankruptcy proceedings of other nations with common law and statutory legal regimes fundamentally similar to that of the United States to be entitled to similar deference. *See id.* (citing *In re Ionica PLC*, 241 B.R. 829, 835 (Bankr. S.D.N.Y. 1999) (British insolvency proceedings warranted comity)).

Case: 10-35002    Doc# 5    Filed: 12/23/10    Entered: 12/23/10 14:21:49    Page 4 of 8

**B.** **The Case Was Commenced by Foreign Representatives**

Section 101(24) of the Bankruptcy Code provides:

> The term "foreign representative" means a person or body, including a person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or act as a representative of such foreign proceeding.

11 U.S.C. § 101(24).

Pursuant to the applicable resolutions, and following their appointment as Administrators by the directors of the Debtor, Messrs. Lock and Sheahan were appointed by creditors of the Debtor to act as its duly authorized liquidators under Australian law. Pursuant to Part 5.3 of the Australian Corporations Act, the Liquidators are responsible for the administration of the Debtor's assets and affairs. Accordingly, the Liquidators are foreign representatives pursuant to the meaning set forth under section 101(24), and they commenced this Chapter 15 case in such capacities.

**C.** **The Verified Petition Meets the Requirements of Section 1515**

The Verified Petition meets the requirements set forth in section 1515 of the Bankruptcy Code. The Verified Petition is accompanied by (1) a certified copy of the minutes of the creditors meeting commencing the Australian Proceeding and appointing the Liquidators; and (2) a certified copy of the ASIC Form 505 confirming the existence of the Australian Proceeding and the appointment of the Liquidators. 11 U.S.C. § 1515(b)(1) and (2). In addition, the Verified Petition is accompanied by a sworn statement pursuant to Rule 1007 identifying all the foreign proceedings with respect to the Debtor that are known by the Liquidators. 11 U.S.C. § 1515(c). The referenced documents were each originally created in English, and thus no translation is necessary. Accordingly, the Verified Petition complies with each of the requirements set forth in section 1515.

**D.** **Recognition of the Australian Proceeding Achieves the Purpose of Chapter 15**

Section 1506 provides that an order recognizing a foreign proceeding can be denied if such order would be manifestly contrary to the public policy of the United States. 11 U.S.C. § 1506. Section 1506 is, however, inapplicable to the current proceeding. In fact, the recognition of the Australian Proceeding will only further the stated public policy goals of the United States.

Case: 10-35002    Doc# 5    Filed: 12/23/10    Entered: 12/23/10 14:21:49    Page 5 of 8

Chapter 15 explicitly provides, in relevant part, that:

> The purpose of this chapter is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of—
>
> (1) cooperation between—
>
>> (A) courts of the United States, United States trustees, trustees, examiners, debtors, and debtors in possession; and
>>
>> (B) the courts and other competent authorities of foreign countries involved in cross-border insolvency cases;
>
> . . .
>
> (3) fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor;
>
> (4) protection and maximization of the value of the debtor's assets . . .

11 U.S.C. § 1501(a).

The recognition of the Australian Proceeding achieves each of these objectives. Entry of an order recognizing the Australian Proceeding will facilitate (a) the cooperation between the U.S. and the Australian courts, (b) the fair and efficient administration of the Australian Proceeding and related Chapter 15 cases now pending before this Court, (c) protection and maximization of the Debtor's assets by providing a proper forum to resolve any issues that relate to discovery taken in the United States, or that otherwise arise under U.S. law.

It should be noted that Australia has adopted the Model Law on Cross-Border Insolvency promulgated by the United Nations Commission on International Trade Law (the "Model Law") on which Chapter 15 was based. Accordingly, Australia and its courts also wish to achieve the same stated objectives. Therefore, the recognition of the Australian Proceeding achieves the purposes of Chapter 15.

**2.      The Australian Proceeding is a Foreign Main Proceeding**

Chapter 15 provides that a court shall enter an order recognizing a foreign proceeding as a "foreign main proceeding" if it is a proceeding "pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b)(1). Absent evidence to the contrary, the location of

the debtor's registered office is presumed to be the center of the debtor's main interests. 11 U.S.C. § 1516(c); *see also In re Artinum, S.r.L.*, 335 B.R. 149, 159 (Bankr. C.D. Cal. 2005). Here, the Debtor is an Australian corporate entity, its operations were in Australia, and its registered office is in Australia. Accordingly, because the Australian Proceeding is being in conducted in Australia, the center of the Debtor's main interests, such proceeding should be recognized as a foreign main proceeding.

**3.      In the Alternative, the Australian Proceeding is a Foreign Nonmain Proceeding**

Chapter 15 provides that a court shall enter an order recognizing a foreign proceeding as a "foreign nonmain proceeding" if it is a proceeding pending in a foreign country where the debtor has an establishment. 11 U.S.C. § 1717(b)(2). For the purposes of Chapter 15, an "establishment" is defined as "any place of operations where the debtor carries out a nontransitory economic activity." 11 U.S.C. § 1502(2). Here, the Debtor has a place of operations, formerly as a business, and now as a liquidation, in the country where the Australian Proceeding is pending. Accordingly, to the extent the Australian Proceeding is not recognized as a foreign main proceeding, such proceeding should be recognized as a foreign nonmain proceeding.

///

///

///

///

///

///

///

///

///

///

///

///

MEMORANDUM OF LAW IN SUPPORT
OF CHAPTER 15 PETITION

-7-

13275585.4

## V.    CONCLUSION

WHEREFORE, the Liquidators respectfully request that this Court: (i) recognize the Australian Proceeding as a foreign main proceeding, or in the alternative, a foreign nonmain proceeding, under Chapter 15 of the Bankruptcy Code; (ii) grant the relief requested in the Verified Petition; and  (iii) grant such other and further relief as is necessary and appropriate.

DATED:  December 23, 2010                              NIXON PEABODY LLP


                                                       By:    /s/  Louis J. Cisz, III
                                                              ROBERT N. H. CHRISTMAS
                                                              LOUIS J. CISZ, III

                                                       Attorneys for Petitioners JOHN SHEAHAN
                                                       AND IAN LOCK,
                                                       as Joint and Several Liquidators of
                                                       CEDENCO JV AUSTRALIA PTY LTD,
                                                       SK FOODS AUSTRALIA PTY LTD, and
                                                       SS FARMS AUSTRALIA PTY LTD.

Case: 10-35002    Doc# 5    Filed: 12/23/10    Entered: 12/23/10 14:21:49    Page 8 of 8