ROBERT N. H. CHRISTMAS (pro hac admission pending)
rchristmas@nixonpeabody.com
KATE HARDY (pro hac vice admission pending)
khardy@nixonpeabody.com
NIXON PEABODY LLP
437 Madison Avenue, 18th Floor
New York, New York 10022
Telephone: (212) 940-3000
Facsimile: (212) 940-3111

LOUIS J. CISZ, III (State Bar No. 142060)
lcisz@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for JOHN SHEAHAN AND IAN RUSSELL LOCK,
as Joint and Several Liquidators of
CEDENCO JV AUSTRALIA PTY LTD (A.C.N. 075 836 010) (In Liquidation)
SK FOODS AUSTRALIA PTY LTD (A.C.N. 099 245 735) (In Liquidation), and
SS FARMS AUSTRALIA PTY LTD (A.C.N. 107 746 716) (In Liquidation)

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CEDENCO JV AUSTRALIA PTY LTD<br>(A.C.N. 075 836 010) (In Liquidation),<br><br>Debtor in a Foreign Proceeding. | Case No. 10-35002<br><br>Chapter 15<br><br>**DECLARATION OF JOHN SHEAHAN IN SUPPORT OF VERIFIED PETITION**<br><br>Date: January 21, 2011<br>Time: 10:00 a.m.<br>Location: 235 Pine Street, 23rd Floor<br>San Francisco, CA 94104<br>Judge: Dennis Montali |

John Sheahan, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1. In my capacity as joint and several liquidator ("<u>Liquidator</u>" or "<u>Petitioner</u>") and as duly authorized foreign representative (together with Ian Russell Lock, the "<u>Liquidators</u>") of Cedenco

JV Australia Proprietary Ltd. (in liquidation) (the "Debtor" or "Cedenco JV Australia"), I hereby submit this declaration in support of the *Petition under Chapter 15 for recognition of a foreign main proceeding* (the "Verified Petition") filed contemporaneously herewith, seeking this Court's recognition of the Debtor's Australian liquidation proceeding as a "foreign main proceeding" as that term is defined pursuant to section 1502(4) of the Bankruptcy Code.

2. On 11 August, 2010, Mr Lock and I, both of Sheahan Lock Partners ("Sheahan Lock"), were appointed as joint and several liquidators of the Debtor pursuant to section 439C(c) and 446A of the *Corporations Act (Cth)* 2001 (the "Corporations Act"), an Act of the Federal Parliament of Australia. A copy of ASIC Form 505 filed on 12 August, 2010 – Notification of Appointment of an External administrator – is attached to the Verified Petition as Exhibit D.

3. I have been advised by my Australian solicitors, DMAW Lawyers, and by my United States counsel admitted in Australia, Kate Hardy, of Nixon Peabody LLP, that the Supreme Court of Victoria or the Federal Court of Australia (the "Australian Courts") are the judicial bodies in Australia that have supervisory authority over the Debtor's liquidation proceeding in Australia.

4. I am authorized to make this declaration acting in my capacity as the joint and several liquidator of the Debtor. Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information supplied to me and are true to the best of my knowledge, information and belief.

**BACKGROUND**

5. I am a member of the Australian Institute of Chartered Accountants and the Insolvency Practitioners' Association of Australia, and I am an Affiliate of the Chartered Secretaries of Australia.

6. I am a registered liquidator, having met the qualifications for registration with the Australian Securities and Investments Commission ("ASIC") pursuant to section 1282(2) of the

Corporations Act. I have been in practice as a registered liquidator for over 25 years. A copy of my certificate of registration is attached hereto as **Exhibit A**. The required qualifications include:

    a) a three year course of study in accountancy;

    b) a two year course of study in commercial law;

    c) in ASIC's opinion, sufficient experience in corporate insolvency and winding up bodies corporate; and

    d) being a person fit and proper to be registered as a liquidator.

7. A copy of the ASIC Regulatory Guide 186: External administration: Liquidator registration is attached hereto as **Exhibit B**.

8. In addition to being registered liquidators, both Mr. Lock and I are official liquidators. Official liquidators are registered liquidators with sufficient experience in public practice and corporate insolvency administrations to be regarded as appropriate appointees by the Australian Courts. The appointment of an official liquidator is an executive appointment made by ASIC, exercising its authority pursuant to section 1283(1) of the Corporations Act.

**A.  The Debtor**

9. The Debtor was registered as a foreign company with ASIC on 2 October 1996. The Debtor was then registered as an Australian registered Body as from 14 October 1996 under sections 601CA and 601CB of the Corporations Act and was subsequently registered as a proprietary (or closely-held) company limited by shares on 8 July 2004 under Part 5B.1 of the Corporations Act. It is identified by its Australian Company Number (A.C.N.) 075 836 010. A copy of the Debtor's Certificate of Registration with ASIC is attached to the Verified Petition as Exhibit A. The Debtor's registered office with the ASIC is situated at Level 8, 26 Flinders Street Adelaide, South Australia, 5000, given that its assets have been sold and it has no on-going operations apart from liquidation.

10. The Debtor was a food ingredient manager and food processor, and had its operations in and around Echuca, Victoria, Australia.

11. The Debtor has 4,700,000 issued shares, allegedly entirely held by SK Foods Australia Pty Ltd. (A.C.N. 099 245 735) ("SK Foods Australia"), which is also a company for which Mr. Lock and I have been appointed as joint and several liquidators (and for which we have sought Chapter 15 relief before this Court).

12. SK Foods Australia and the Debtor did business as an unincorporated partnership known as Cedenco Australia (A.B.N. 52 634 633 034).

13. On 17 December 2002, the Australian and New Zealand Banking Group Ltd ("ANZ Bank") registered a fixed and floating charge (or lien) over the assets of the Debtor.

14. The loans made to the Debtor by ANZ Bank were part of a larger lending relationship between ANZ Bank (in New Zealand under the name ANZ National Ltd) and all entities in the Cedenco group of companies in Australia and New Zealand, including the Debtor, SK Foods Australia, SS Farms Australia Pty Ltd. (A.C.N. 107 746 716) ("SS Farms Australia"), and two New Zealand companies, Cedenco Foods Ltd. (C.N. 499671) ("Cedenco Foods") and Cedenco Ohakune Ltd. (C.N. 665068) ("Cedenco Ohakune") (collectively the "Cedenco Group").

**B.     The Australian Receiverships, Administration and Liquidation Proceedings**

15. On 9 November 2009, Cedenco Foods and Cedenco Ohakune were placed into receivership by ANZ Bank under New Zealand law. On 9 November, 2009, the Debtor, SK Foods Australia, and SS Farms Australia were also placed into receivership under Australian law.

16. In the United States, there have been difficulties involving the Cedenco Group's U.S. affiliates. I am informed that SK Foods LP, a U.S. affiliate of the Cedenco Group, is the subject of Chapter 11 proceeding, and that there are criminal proceedings against one of the principals of SK Foods LP, Scott Salyer, pending, respectively, in United States Bankruptcy and District Courts of the Eastern District of California.

17. In accordance with a resolution of the directors of the Debtor held on 5 May, 2010 in San Francisco, California, Mr. Lock and I were appointed to be the Debtor's joint and several

Administrators pursuant to the provisions of Part 5.3A, section 436A of the Corporations Act. A copy of the Instrument of Appointment of Administrators for the Debtor, dated 5 May, 2010, is attached to the Verified Petition as Exhibit B.

18. On or about 23 June 2010, Kagome Co Ltd (a Japanese entity) acquired the assets and operations of the Debtor, as well as Debtors SK Foods Australia and SS Farms Australia, for a combined price of approximately AU $91M, substantially greater than the amount owed to ANZ Bank by the Australian members of the Cedenco Group. Under Australian law, the sales proceeds are collected by the receivers for ANZ Bank, and are to be released to us as Liquidators after discharging the debt due ANZ Bank. The full sum of the proceeds have not yet been released.

19. By resolution at a duly convened meeting of creditors of the Debtor, held on 11 August 2010 concurrently in both Sydney and Echuca, Australia, Mr. Lock and I were appointed as joint and several liquidators of the Debtor, as set forth in paragraph 2 above and pursuant to Parts 5.3A and 5.5 of the Corporations Act. A copy of the minutes of the meeting of creditors at which Ian Lock and myself, Joint Administrators, were appointed as Joint and Several Liquidators of the Debtor, is attached to the Verified Petition as Exhibit C.

20. Since our appointment as joint and several liquidators of the Debtor, Mr. Lock and I have administered the property and affairs of the Debtor for the benefit of its creditors and owners. This has involved, among other things:

    a) identifying creditors;

    b) calling general meetings of creditors of the Debtor, which have taken place in Australia and in San Francisco, California, to inform on the progress of the liquidation and decisions taken and to be taken;

    c) interacting with the receivers of the Cedenco Group who were appointed by ANZ Bank, including with respect to the sale of each company as well as related tax and other matters;

-5-

d) review with counsel of methods by which to obtain release from the receivers of the proceeds of sale of the Debtor's business;

e) investigation of offenses that an officer, or previous officer, of the Debtor may have committed;

f) requests and proceedings to obtain documents about the Debtor, including from ANZ Bank;

g) investigation of intercompany indebtedness, including that allegedly owing to and from the U.S. affiliates of the Cedenco Group;

h) investigation of ownership claims.

21. One of our roles as liquidators is to determine any payments to be made to any creditors from the Debtor's assets. On November 19, 2010, I gave formal notice to creditors by way of email and on November 30 2010 through publication in the Commonwealth Government Business Gazette, that any debts should be proved formally, and that any alleged creditor must therefore lodge a proof of debt with us as Liquidators ("Notice"). A copy of the Notice is attached to the Verified Petition as Exhibit D.

22. I also refer to the Declaration of Kate Hardy (the "Hardy Declaration"), one of my Australian solicitors, filed contemporaneously with the Verified Petition and which sets out in further detail the duties of a liquidator under Australian law.

23. A prime function of my roles as Liquidator is to distribute the Debtor's remaining funds to its owners. This distribution will not take place until all matters relating to the liquidation have been dealt with, including pursuing claims against third parties, and a determination of the conflicting claims to ownership of the companies in the Cedenco Group.

**C. Conflicting ownership claims**

24. Specifically relating to the latter issue, the corporate parent of the Debtor, SK Foods Australia, allegedly has 101 issued shares which, according to ASIC's records, are held by Frederick

-6-

DECLARATION OF JOHN SHEAHAN IN
SUPPORT OF CHAPTER 15 RECOGNITION

13276165.2

Scott Salyer (1 shares), Scott Salyer (45 shares), and SK PM Corporation, a U.S.-based company (55 shares). Further information provided to us suggests, however, that these shares are held by the Scott Salyer Revocable Trust (45.55%) and SK PM Corporation (54.45%). There is also the allegation that the shares of SK Foods Australia are owned by an offshore trust, on behalf of other members of the Salyer family. Finally, the Chapter 11 Trustee of SK Foods LP also claims to have a legal or equitable entitlement to substantially all of the shares in SK Foods Australia. This matter will have to be resolved through negotiation or through appropriate proceedings.

## **REQUEST FOR RELIEF**

25. As Liquidator, I respectfully request this Court's recognition of the Debtor's Australian liquidation proceeding as a "foreign main proceeding" as that term is defined pursuant to section 1502(4) of the Bankruptcy Code.

26. As described above and in the Hardy Declaration, under the law of Australia and our appointment by the creditors of the Debtor pursuant to such law, Mr Lock and I have been provided with extensive powers as Liquidators, subject to court supervision, to operate the Debtor, investigate the Debtor's affairs, and preserve the Debtor's assets for the benefit of creditors and equity holders.

27. I have been advised by my counsel in the United States that chapter 15 of the Bankruptcy Code exists, *inter alia*, to assist foreign representatives such as Mr Lock and myself in the performance of our duties in the interests of administering the Debtor's estate and assets in the most efficient way possible in order to maximize the value received by the Debtor's creditors and equity holder. Here, relief under chapter 15 of the Bankruptcy Code is necessary to obtain documents and information in the United States from individuals and entities in the San Francisco area and otherwise in this judicial district to carry out our responsibilities as Liquidators, and to also ensure, among other things, that no creditor or other party takes any action in the United States to obtain an unlawful advantage or otherwise in a manner detrimental to the policies of Australian law that inform the Liquidation, including permitting the Australian procedure for dealing with proofs of

-7-
DECLARATION OF JOHN SHEAHAN IN
SUPPORT OF CHAPTER 15 RECOGNITION

13276165.2

Case: 10-35002    Doc# 6    Filed: 12/23/10    Entered: 12/23/10 14:26:17    Page 7 of 8

debt and affirmative claims to follow its intended course, which includes rights to appeal to the Australian Courts.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 22nd day of December 2010.

                                /s/ *John Sheahan*  
                                John Sheahan

Sworn to this 22nd day of December 2010 before the undersigned who is duly authorized to witness and attest to the execution of documents of this nature within Australia.

                                /s/ *C. Traianos*  
C. Traianos  
Notary Public in Australia  
My commission expires: (not applicable)

PUBLIC NOTARY  
State of South Australia

[Seal]

-8-

DECLARATION OF JOHN SHEAHAN IN SUPPORT OF CHAPTER 15 RECOGNITION

13276165.2